# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GONZALEZ,<br><br>               Petitioner,<br><br>   v.<br><br>KEN CLARK,<br><br>               Respondent. | 1:07-CV-0220 AWI JMD HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

      Petitioner is currently in the custody of the California Department of Corrections. He is serving a sentence of six years following his conviction for lewd and lascivious acts with a child under fourteen. Petitioner does not challenge the validity of his conviction, but instead challenges disciplinary action taken against him in 2006. (Answer at 1-2; Ex. A.)

      On December 15, 2005, an incident occurred which resulted in Petitioner being charged with delaying a peace officer in the performance of his duties. On January 2, 2006, a hearing was conducted to adjudicate the charge against Petitioner. He was found guilty. (Answer at 1-2; Ex. B.)

      Petitioner filed several administrative appeals challenging the result of the hearing. The administrative appeals were denied on procedural grounds. (Petition, Exs. A-C.)

Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court. The court denied the petition based on Petitioner's failure to exhaust administrative remedies. (Answer at 2; Ex. C.)

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. The court denied the petition based on Petitioner's failure to exhaust administrative remedies. (Answer at 2; Ex. D.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The court summarily denied the petition. (Answer at 2; Ex. E.)

On February 9, 2007, Petitioner filed the instant petition in this Court. The petition alleges that Petitioner's due process rights were violated because the hearing officer was not impartial, Petitioner was denied the assistance of an investigative employee, and Petitioner was denied the opportunity to present favorable witnesses.

On July 23, 2007, Respondent filed an answer to the petition.

## FACTUAL BACKGROUND

On December 15, 2005, an incident occurred which resulted in Petitioner being charged with delaying a peace officer in the performance of his duties. (Answer at 1-2; Ex. B.) The Rules Violation Report prepared after the incident stated that Petitioner delayed the normal operation of the administrative segregation unit for approximately thirty minutes by refusing to change beds as directed. (Answer, Ex. B at 1.) Petitioner claimed that he had enemy concerns in the location where he would be placed. There were, however, no documented enemies in the new location. (Id.)

## DISCUSSION

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, at the time of the incident, Petitioner was confined at Corcoran State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. §

1  2241(d). Accordingly, the Court has jurisdiction over the action.

2  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
3  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
4  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997),
5  *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997),
6  *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only
7  applicable to cases filed after statute's enactment). The instant petition was filed after the enactment
8  of the AEDPA; thus, it is governed by its provisions.

9  **II. Legal Standard of Review**

10  This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
11  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
12  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

13  The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death
14  Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003).
15  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of
16  the claim "resulted in a decision that was contrary to, or involved an unreasonable application of,
17  clearly established Federal law, as determined by the Supreme Court of the United States" or
18  "resulted in a decision that was based on an unreasonable determination of the facts in light of the
19  evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at
20  70-71; see Williams, 529 U.S. at 413.

21  As a threshold matter, this Court must "first decide what constitutes 'clearly established
22  Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,
23  *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court
24  must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time
25  of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words,
26  'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set
27  forth by the Supreme Court at the time the state court renders its decision." Id.

28  Finally, this Court must consider whether the state court's decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law." <u>Lockyer</u>, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." <u>Id.</u> at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. <u>Souch v. Schaivo</u>, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

### III.  Review of Petitioner's Claims

Petitioner argues that his due process rights were violated because the disciplinary hearing officer was not impartial, Petitioner was denied the assistance of an investigative employee, and Petitioner was denied the opportunity to present favorable witnesses.

These claims were presented in petitions for writ of habeas corpus to the Fresno County Superior Court and California Court of Appeal, which denied the petitions because Petitioner failed to exhaust his administrative remedies. (Answer, Exs. C-D.) The issues were then raised in a petition for writ of habeas corpus to the California Supreme Court, which summarily denied the petition. (Answer, Ex. E.)

When an inmate is facing disciplinary action, due process requires that the inmate receive written notice of the charges at least twenty-four hours before the hearing and a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). An inmate facing disciplinary proceedings also has a limited right to call witnesses and present documentary evidence in his defense and, where the inmate is illiterate or the complexity of the issues involved makes it unlikely that he will be able to collect and present the necessary evidence, a right to obtain aid in the presentation of his case. Id. at 566-70. In addition, a disciplinary conviction resulting in the loss of good time credits must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 454-55 (1985).

Here, Petitioner received advance written notice of the charges against him and a written statement setting forth the reasons for the disciplinary action and the evidence relied on in reaching the decision. (Answer, Ex. B at 1-2.) There is also some evidence supporting the finding that Petitioner was guilty of the charged offense, as the reporting officer's report stated that Petitioner delayed the normal operation of the administrative segregation unit by refusing to change beds as directed. (Id.) Further, Petitioner has not presented evidence supporting his claim that the disciplinary hearing was unfair because the hearing officer was biased.

Petitioner's claim that he was improperly denied the opportunity to call witnesses at his disciplinary hearing is contradicted by the record, which shows that Petitioner refused to appear at the hearing and did not make a request to call other witnesses. (Answer, Ex. B at 1-2.) In any case, Petitioner has not shown prejudice resulting from the failure to call his potential witness, as he has not shown what the witness's testimony would have been or that it would have been sufficient to rebut the information in the reporting officer's report. See Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007) (stating that errors made by prison officials in denying witness

1 testimony at official hearings are subject to harmless error review); <u>Piggie v. Cotton</u>, 342 F.3d 660,
2 666 (7th Cir. 2003).

3     Petitioner has also not shown that it was necessary for prison officials to appoint a staff
4 assistant or investigative employee to his case.  There is no evidence that Petitioner is illiterate or
5 otherwise had any difficulty understanding the nature of the proceedings.  (<u>See</u> Answer, Ex. B.)
6 Further, the issue being adjudicated was not so complex that it was unlikely Petitioner would be able
7 to collect and present necessary evidence, as the only question was whether Petitioner improperly
8 delayed a correctional officer by refusing to change beds as directed.

9 <center>**RECOMMENDATION**</center>

10     Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
11 DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for
12 Respondent.

13     This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
14 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
15 of the Local Rules of Practice for the United States District Court, Eastern District of California.
16 Within thirty (30) days after being served with a copy, any party may file written objections with the
17 court and serve a copy on all parties.  Such a document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
19 filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
20 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The
21 parties are advised that failure to file objections within the specified time may waive the right to
22 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

23

24 <u>IT IS SO ORDERED.</u>

25 **Dated:     October 14, 2008          /s/ John M. Dixon**
   UNITED STATES MAGISTRATE JUDGE
26
27
28